[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14315
Non-Argument Calendar

_____

D. C. Docket No. 06-00084-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL CAZARES MENDOZA,
a.k.a. Adrian Casurez Mendoza,
a.k.a. Raul Mendoza-Cazares,
a.k.a. Juan Daniel Mendoza,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 17, 2008)**

Before BIRCH, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Raul Cazares Mendoza appeals his sentence of 144 months of imprisonment for possession with intent to distribute five kilograms or more of cocaine and illegal reentry into the United States. 8 U.S.C. § 1326(a), (b)(2); 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii)(II). Mendoza argues that his sentence is procedurally and substantively unreasonable. We affirm.

## I. BACKGROUND

Mendoza, a Mexican citizen, was arrested after police officers discovered drugs in Mendoza's vehicle during a traffic stop. Mendoza was charged in a two-count indictment for possession with intent to distribute five or more kilograms of cocaine and illegal reentry as a previously deported illegal alien. 8 U.S.C. § 1326(a), (b)(2); 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii)(II). Mendoza entered a blind plea of guilty to both counts. The district court explained to Mendoza during the plea colloquy that the sentencing guidelines were advisory and the court could impose a sentence for his drug offense up to the statutory maximum of life imprisonment. The district court accepted Mendoza's pleas of guilty.

The presentence investigation report provided a sentencing range between 121 and 151 months of imprisonment. The report stated that Mendoza had illegally entered the United States on five occasions before his current illegal reentry. Mendoza asked the court to credit him for five additional months that he

2

served in a Mexican prison after he completed a 70-month sentence for earlier convictions related to his possession and distribution of methamphetamine. Mendoza requested that the court impose the statutory minimum sentence of 120 months of imprisonment.

The district court sentenced Mendoza to two concurrent terms of 144 months of imprisonment followed by terms of five and three years of supervised probation. The court explained that "[t]he maximum guideline range would be 151 months; and in figuring the 144, [it had] taken into account . . . the 5 months [Mendoza] served on a prior sentence in Mexico."  The court also explained that the sentence, which was "a little bit above the mandatory minimum, little bit below the maximum" served as a "deterrent to future criminal activity; punish[ed] the defendant certainly appropriately and protect[ed] the public."  Mendoza objected to the sentence as unreasonable and stated that "a sentence at the low end of the guideline range, 121 months [was] appropriate."

## II. STANDARD OF REVIEW

We review the final sentence imposed by the district court for reasonableness.  United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005). Review for reasonableness is a deferential standard of review for abuse of discretion.  Gall v. United States, 128 S. Ct. 586, 597 (2007).

# III. DISCUSSION

Mendoza argues that his sentence is unreasonable. Mendoza argues that the district court "failed to take into account the parsimony principle [of section 3553(a)] when imposing sentence" and his sentence is procedurally unreasonable because the district court did not adequately explain why it did not impose a lesser sentence or mention a "factor in aggravation" to justify the sentence imposed. Mendoza also contends that his sentence is substantively unreasonable.

The district court did not abuse its discretion when it sentenced Mendoza within the guideline range. Mendoza has not established that the district court committed a procedural error. The district court considered the statutory factors and purposes of sentencing and reasonably determined that a sentence of 144 months of imprisonment was sufficient but not greater than necessary to achieve those purposes. 28 U.S.C. § 3553(a); Gall, 128 S. Ct. at 597. Although "[w]e do not in this circuit presume reasonable a sentence within the properly calculated Guidelines range," United States v. Campbell, 491 F.3d 1306, 1313 (11th Cir. 2007), Mendoza's sentence is substantively reasonable. The district court explained that the sentence served the statutory purposes of deterrence, adequate punishment, and protection of the public. See Gall, 128 S. Ct. at 597. Mendoza had illegally entered the United States on five occasions and committed several

4

drug crimes while in this country, and the district court took into consideration that Mendoza spent five additional months in a Mexican prison for his previous drug conviction. Mendoza's sentence is reasonable.

## IV. CONCLUSION

Mendoza's sentence is **AFFIRMED**.